## McCullough v. Main Line Federal Savings and Loan Association

*Robert C. Wright,* for plaintiff.
*Clelland L. Mitchell,* for defendant.

PRESCOTT, *J.,* April 21, 1976—The matter before this court arises from an action to quiet title filed by plaintiff, Rose Bud McCullough. Defendant, Main Line Federal Savings and Loan Association, has filed preliminary objections to the complaint which are before this court for disposition.

The averments set forth in the complaint are as follows:

That on December 8, 1971, plaintiff and her husband, Edward McCullough, acquired title to certain premises described in the complaint. On the same date, plaintiff and her husband gave a mortgage on the subject premises to defendant for the sum of $24,700. On or about September 20, 1973, plaintiff alleges that she and her husband separated and plaintiff moved to 1264 Alden Street, Philadelphia, Pa. Plaintiff's husband continued to reside at the subject premises.

The complaint further alleges that on August 14, 1974, plaintiff's husband was served with a complaint in mortgage foreclosure which was filed by defendant herein. The return of the Sheriff of Del-

aware County indicates that said complaint in mortgage foreclosure was served upon plaintiff herein by handing a copy to plaintiff 's husband at the subject premises as an adult member of plaintiff 's household. On September 4, 1974, judgment by default was entered against plaintiff herein. On December 27, 1974, the Sheriff of Delaware County sold the subject premises to defendant herein. Plaintiff avers that she never received notice of the complaint in mortgage foreclosure nor the mortgage foreclosure sale. Plaintiff alleges that, as a result of not receiving notice, no title passed to defendant and plaintiff prays for a decree to make the title of plaintiff in the subject premises valid and indefeasible. Plaintiff also prays for a decree banning defendant's right, title and claim to the subject premises.

As noted above, defendant has filed preliminary objections to the complaint to quiet title alleging that:

1. An action to quiet title is not an appropriate remedy;

2. Plaintiff 's complaint fails to state a cause of action against defendant;

3. The mortgage foreclosure and sheriff 's sale are res judicata and dispositive of the matter now before the court.

Pa. R.C.P. 1061 provides:

". . .

"(b) The action [to quiet title] may be brought

"(3) to compel an adverse party to file, record . . . or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land."

Under Rule 1061(b), the action to quiet title is authorized without regard as to whether plaintiff

is in possession: Weissman v. Mousley, 39 Del. 286 (1952); City of Phila. v. Kelly, 78 D. & C. 445 (1951); Hanson v. Berenfield, 24 D. & C. 2d 361 (1960); 3 Anderson Pa. Civ. Prac. §1061.18.

A former owner of property whose rights in said property were sold at a tax or judicial sale may attack the validity of such a sale by an action to quiet title under Rule 1061(b)(3). See Hanson v. Berenfield, supra; Polish National Union of America v. Lackawanna County, 1 D. & C. 2d 757 (1954); O'Connor v. Miller, 4 Butler 324 (1967).

In light of the above authority, this court does not agree that an action to quiet title is an improper remedy in the case before us. If plaintiff can prove the allegations set forth in her complaint, then the validity of the sheriff's deed is clearly before this court, since improper service of the complaint in mortgage foreclosure would vitiate the action as against plaintiff. Consequently, the sheriff's sale and sheriff's deed would be null and void as against plaintiff.

The preliminary objections filed by defendant raise issues of fact which are not before us and, thus, they cannot be considered. The residence of plaintiff must be taken to be Philadelphia at this stage of the proceedings. So, too, it must be taken as true that plaintiff did not reside with her husband, nor was a member of his household during the times alleged. Defendant's allegation regarding the propriety of the service made upon plaintiff during the foreclosure proceedings is a fact not yet proven, since the averments of this fact are not contained in a verified pleading. See Pa. R.C.P. 1024(a).

This court also is of the opinion that the issue of res judicata as raised by defendant is not properly

before this court. Res judicata is an affirmative defense which must be pleaded as new matter. See Pa. R.C.P. 1030, 1061(a).

For the above-stated reasons, we enter the following

## ORDER

And now, April 21, 1976, after consideration of argument and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that the preliminary objections filed by defendant in this matter be and the same are hereby dismissed.